UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHONG SU YI,

    Plaintiff,

    v.

BOARD OF ELECTIONS,
DEMOCRATIC NATIONAL COMMITTEE,
MARYLAND DEMOCRATIC PARTY,
REPUBLICAN NATIONAL COMMITTEE, and
MARYLAND REPUBLICAN PARTY,

    Defendants.

Civil Action No. TDC-16-0662

**ORDER**

Self-represented Plaintiff Chong Su Yi filed the above-captioned Complaint on March 7, 2016, together with a Motion to Proceed *In Forma Pauperis*. ECF Nos. 1 & 2. Because Yi appears to be indigent, the Motion shall be granted. On March 9, 2016, Yi filed an Amended Complaint. ECF No. 4. Yi names as Defendants the Board of Elections, Democratic National Committee, Maryland Democratic Party, Republican National Committee, and Maryland Republican Party. *Id*. at 3.

The Amended Complaint appears to contend that the use of electronic voting machines in various state and national elections violates the Fifteenth Amendment to the United States Constitution. Yi does not allege that he suffered a direct injury as a result of the events described in the Amended Complaint. He asks that the Court enter an injunction directing that the April 26, 2016, Maryland primary elections be canceled and that all other United States District Courts be advised of this Court's ruling. He seeks an injunction ordering that the 2016 primary voting machines not be used. He further requests a declaration that the 2014 Maryland midterm election, the 2012 presidential Maryland primary, and the 2014 Maryland gubernatorial and

county elections were all improperly certified. *Id*. at 6. On March 17, 2016, Yi filed a "Writ of Mandamus," which contains the same allegations as the Amended Complaint. ECF No. 7.

Pursuant to 28 U.S.C. § 1915(e)(2), a Court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Although courts construe the pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007).

The Fifteenth Amendment to the United States Constitution provides: "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." Yi has not provided any basis to support a reasonable conclusion that some plausible cause of action has accrued on his behalf. Accordingly, it is hereby ORDERED that:

1. Yi's Motion to Proceed *In Forma Pauperis*, ECF No. 2, is GRANTED.

2. The Complaint is DISMISSED.

4. The Clerk shall PROVIDE a copy of this Order to Yi.

5. The Clerk shall CLOSE this case.

Date:  April 19, 2016

                                                                 /s/
THEODORE D. CHUANG
United States District Judge